**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RHONDA NICHOLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO. 05-CV-376-WDS** |
| | ) | |
| **LOWE'S HOME CENTER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## O R D E R

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to remand, to which defendant has filed a response.

Plaintiff's motion appears to rest solely on the ground that it was proper, pursuant to the

Illinois Code of Civil Procedure, specifically, 735 ILCS 5/2-209(a)(1-2) and (b)(4),[1] to file this

action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

However, the action is removable pursuant to this Court's diversity jurisdiction.  See, 28

U.S.C. § 1332(a).   Plaintiff is a citizen of the State of Illinois. The defendant corporation was

incorporated in North Carolina, with its principal place of business in North Wilkesboro, North

Carolina.  According to plaintiff's initial complaint, damages exceed $50,000 in this case.

However, plaintiff has sought leave to file a first amended complaint, in which she seeks

damages in excess of $75,000.  Plaintiff, in her motion to remand, does not appear to dispute the

---

[1]Section 5/2-209 states in relevant part:

> Act submitting to jurisdiction--Process. (a) Any person, whether or not a citizen or
> resident of this State, who in person or through an agent does any of the acts hereinafter
> enumerated, thereby submits such person, and, if an individual, his or her personal
> representative, to the jurisdiction of the courts of this State as to any cause of action
> arising from the doing of any of such acts:
> (1) The transaction of any business within this State;
> (2) The commission of a tortious act within this State;...
>                         * * *
> (b) A court may exercise jurisdiction in any action arising within or without this State
> against any person who:
> (4) Is a natural person or corporation doing business within this State.

amount in controversy nor the complete diversity of the parties.[2]  Rather, she rests only on her

assertion that jurisdiction and venue were proper in the state court.  Clearly, that argument is

insufficient to warrant a remand of this case.  The Court finds that defendant's removal of this

action was timely and proper.

Accordingly, the Court **DENIES** plaintiff's motion to remand.

**IT IS SO ORDERED.**

**DATED:   July 20, 2005.**


s/ **WILLIAM D. STIEHL**
**DISTRICT JUDGE**

---

[2]In fact, in her motion to remand, she asserts that "since Defendant is *not* an Illinois citizen, but does business within the state of Illinois... it was therefore proper to file this cause of action in Madison County." (Emphasis added).