**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RHONDA NICHOLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 05-CV-376-WDS** |
| | ) | |
| **LOWE'S HOME CENTER, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to which plaintiff has filed a response.

### Background

This action arises out of an incident that occurred on defendant Lowe's Home Center's property in which plaintiff was injured when a bird flew into the back of her head while she was shopping in defendant's outdoor Gardening Center.  Plaintiff amended complaint alleges negligence (Count I) and a violation of the Illinois Animal Control Act, 510 ILCS 5/2.17 (Count II).  Defendant moves to dismiss the amended complaint.

### Analysis

To sustain a dismissal of a complaint under Fed. R. Civ. P. 12(b)(6), the Court must take all well pleaded allegations as true and construe the complaint in the light most favorable to the plaintiffs.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hernandez v. City of Goshen, Indiana*, 324 F.3d 535, 537 (7th Cir. 2003).  Dismissal is appropriate only if it appears beyond a doubt that no relief may be granted under any set of facts that could be proved consistent with the allegations in the complaint.  *See Conley*, 355 U.S. at 45-46; *Weizeorick v. ABN Amro Mortg.*

*Group, Inc.*, 337 F.3d 827, 830 (7th Cir. 2003).

In its motion to dismiss, defendant first argues that Counts I and II of the amended complaint must be dismissed because it did not "harbor" the bird by providing food and shelter of a semi-permanent nature and it did not have "control" of the bird at the time of injury.  See, *Frost v. Robave, Inc.*, 694 N.E.2d 581, 585, 587 (Ill. App. Ct.  1998).  In support of its motion, defendant has attached affidavits.  The Court will not consider the affidavits when ruling on a motion to dismiss, and further notes that the arguments and factual issues raised by defendant are more properly raised in a motion for summary judgment.  As stated above, the Court will only dismiss the amended complaint if it should determine beyond a doubt that no relief may be granted under any set of facts that could be proved consistent with the allegations therein.  Here, the amended complaint alleges that defendant "harbored" or "controlled" wild birds at its store's gardening area in that it provided food from plants, berries and seeds, and provided water from watering the plants, and that the wild birds created a dangerous condition on defendant's premises.  Whether plaintiff can withstand a motion for summary judgment on these issues is a question for another day; a Rule 12(b)(6) dismissal of the amended complaint based upon defendant's first argument is not appropriate at this time.

Likewise, the Court denies defendant's motion to dismiss based upon its second argument (with respect to Count I only), that it was not objectively reasonable for defendant to expect that plaintiff would be struck by a wild bird on defendant's premises.  Again, defendant has attached affidavits to prove its assertion that no customer or employee has been struck by a wild bird.  As before, the Court will not consider this evidence in relation to a motion to dismiss. The amended complaint alleges that defendant was a possessor of wild birds, that defendant

2

knew or should have known that the wild birds possessed dangerous propensities, that defendant failed to warn plaintiff about the birds or their dangerous propensities, and that plaintiff's injuries occurred as a result.   The allegations contained therein are sufficient to withstand a motion to dismiss.

**Conclusion**

Based on the foregoing, the Court **DENIES** defendant's motion to dismiss.

**IT IS SO ORDERED.**

**Dated: September 23,  2005**

**s/WILLIAM D. STIEHL**
**District Judge**
