IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RHONDA NICHOLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 05-CV-376-WDS |
| ) | |
| LOWE'S HOME CENTER, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion for summary judgment, to which plaintiff has filed a response and defendant a reply.

## BACKGROUND

According to the first amended complaint, plaintiff was shopping in the gardening area of a Lowe's hardware store in Fairview Heights, Illinois when a "wild bird" flew into the back of her head causing injuries. According to the plaintiff, the defendant provided food for the birds in the form of berries and seeds and provided water for the birds by watering plants in the gardening center.[1] Defendant disputes plaintiff's assertion, and argues that it does not care for or provide water to the birds. Plaintiff argues that the defendant did not exercise reasonable care in making the premises safe and that the defendant did not warn customers that the birds were a dangerous condition on the premises.

Plaintiff presents two distinct legal theories for recovery: negligence (Count I) and strict liability under Illinois's Animal Control Act, 510 ILCS 5/16 (Count II). Defendant moves for summary judgment.

---

[1] The gardening center is an outdoor area of the store with limited shelter where birds are able to freely fly in and out. (See, Doc. 38, Ex. 2).

## ANALYSIS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see also, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). The moving party initially bears the burden to demonstrate an absence of genuine issues of material fact, indicating that judgment should be granted as matter of law. See, *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). Once a motion for summary judgment has been made and properly supported, however, the nonmovant has the burden of setting forth specific facts showing the existence of a genuine issue for trial. See, *id.* In determining whether a genuine issue of material fact exists, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable and justifiable inferences in that party's favor. See, *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

### I.     Negligence

"In order to recover under a negligence theory, a plaintiff must offer evidence which establishes that the defendant owed a duty to the plaintiff, that the defendant breached the duty, and that the breach proximately caused the plaintiff's injuries. The existence of a duty and the range of protection of that duty in a particular case are questions of law to be resolved by the court." *Cobb v. Martin IGA & Frozen Food Center, Inc.*, 785 N.E.2d 942, 946 (Ill. App. Ct. 2003) (cite omitted). "[P]laintiff must establish that defendant owed her a duty of care; that is, she is required to prove that she and defendant stood in such a relationship to one another that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff."

*Sandoval v. City of Chicago*, 830 N.E.2d 722, 726 (Ill. App. Ct. 2005) (cites omitted).

"The defendant is not required to … make his premises injury-proof." *Sandoval*, 830 N.E.2d at 727-28. "In determining whether a legal duty exists, the occurrence involved must not have been simply foreseeable; it must have been *reasonably* foreseeable. The imposition of a legal duty requires more than a mere possibility of occurrence. 'Not what actually happened, but what the reasonably prudent person would then have foreseen as likely to happen, is the key to the question of reasonableness.'" *Hartung v. Maple Inv. and Dev. Corp.*, 612 N.E.2d 885, 887-88 (Ill. App. Ct. 1993) (quoting *Cunis v. Brennan*, 308 N.E.2d 617, 619 (Ill. 1974)) (emphasis in original).

Here, plaintiff argues that defendant owed her a duty to either protect her from the birds or warn her of the presence of the birds. "In premises liability cases … Illinois courts determine whether a duty of care exists by considering the common law duty factors of (1) reasonable foreseeability of the injury; (2) likelihood of the injury; (3) magnitude of the burden on the defendant of guarding against the injury; and (4) consequences of placing the burden on the defendant." *Schmid v. Fairmont Hotel Co.-Chicago*, 803 N.E.2d 166, 173 (Ill. App. Ct. 2003) (cites omitted).

"With respect to the first factor, namely, the reasonable foreseeability of injury, we note that Illinois law holds that persons or entities who own or control land are not required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious. 'Open and obvious' conditions include those wherein the condition and risk are apparent to and would be recognized by a reasonable person exercising ordinary perception, intelligence and judgment in visiting an area." *Sandoval*, 830 N.E.2d at 727 (internal citations omitted).

In the instant case, the Court finds as a matter of law that plaintiff's injury was not

3

reasonably foreseeable.   Birds are not commonly thought to pose a danger to people. The defendant's affiants state that to their knowledge no bird has ever attacked a customer other than plaintiff (see, Doc. 38, Exs. 1, 2), accordingly, defendant had no notice or expectation that one of the birds could potentially attack a customer.  If the Court were to impose such a duty on defendant, the magnitude of the burden on defendant, and all gardening centers, nurseries, and other outdoor retail facilities, would be tremendous.  Retailers of plants and flowers would risk liability resulting from the presence of animals and insects that may feed on or be attracted to such plant life.

Even assuming *arguendo* that birds could reasonably be considered dangerous, a reasonable plaintiff would have either noticed the birds, or would have realized that in any outdoor area full of plant life, contact with wild birds is possible. The defendant made no effort to conceal the birds from the plaintiff.  Plaintiff may argue that she could not have reasonably expected to be attacked by the birds because birds are not considered dangerous. However, to make that argument is to admit, as found above, that her injury was not reasonably foreseeable.

Because the Court finds that Lowe's did not owe the defendant a duty to protect her from wild bird attacks while on its premises in its outdoor gardening center, the Court need not address the elements of breach of duty and proximate cause.  Summary judgment is granted in favor of defendant on Count I.

**II.     Illinois Animal Control Act**

Plaintiff also claims that defendant is liable for the injury under the Illinois Animal Control Act (the "Act").  The Act provides: "[i]f a dog or other animal, without provocation, attacks or injures any person who is peacefully conducting himself in any place where he may lawfully be, the owner of such dog or other animal is liable in damages to such person for the

full amount of the injury sustained." 510 ILCS 5/16.

Illinois courts have interpreted the statute to have four elements: "(1) injury caused by an animal owned by the defendant; (2) the lack of provocation; (3) peaceable conduct of the person injured; and (4) the presence of the injured person in a place where he or she has a legal right to be. *Severson v. Ring*, 615 N.E.2d 1, 4 (Ill.App.Ct. 1993) (cite omitted).

The parties dispute whether defendant "owned" the bird in question. "Whether the defendant is an 'owner' of the animal normally is a question of fact; however, where the undisputed facts show no genuine issue, the court may grant summary judgment." *Goennenwein v. Rasof*, 695 N.E.2d 541, 544 (Ill. App. Ct. 1998) (cite omitted).

The word "owner" is defined under the Act as "any person having a right of property in a dog or other animal, or who keeps or harbors a dog or other animal, or who has it in his care, or acts as its custodian, or who knowingly permits a dog or other domestic animal to remain on or about any premise occupied by him." 510 ILCS 5/2.16.

*"[A] person becomes the 'keeper' of an animal only when,* either with or without the owner's permission, *he undertakes to manage, control, or care for it as the owners generally* of such animals are accustomed to *do.*' The cases we have found which construe or define a keeper of animals do so in terms of management, custody, care or control." *Thompson v. Dawson*, 483 N.E.2d 1072, 1074 (Ill.App.Ct. 1985) (quoting 4 Am Jur2d, Animals, § 92) (emphasis in original). Illinois courts have consistently entered judgment in favor of a defendant on the issue of ownership when the plaintiff does not come forward with any facts demonstrating that the defendant had "some measure of care, custody or control" over the animal. *Goennenwein*, 695 N.E.2d at 544 (cite omitted).

In *Goennenwein*, for example, the court held that a defendant property owner was not the

5

owner of a dog because the property owner did not care for or exercise control over the dog. See, *id.* at 544. In that case, the defendant was a homeowner who had several houseguests. One of the guests brought a dog that attacked the plaintiff. The court held that "[m]erely allowing an animal to be temporarily on one's premises does not make the landowner a keeper or harborer of the animal" and that the property owner did not have any custody or control over the animal. *Id.* (cite omitted). Another court concluded that in order to be a "harborer" of an animal, one must "provide[] food and shelter of at least a semi-permanent nature." *Frost v. Robave, Inc.*, 694 N.E.2d 581, 587 (Ill. App. Ct. 1998) (casual feeding or watering do not necessarily equate to harboring) (cites omitted).

In the instant case, the defendant was aware that birds flew onto its property. Plaintiff has not provided evidence, however, that defendant exercised custody or control over the birds, or that it provided food or shelter of a semi-permanent nature.[2] Defendant has submitted two affidavits in which Fairview Heights Lowe's employees declare that defendant does not provide plants, berries and seeds for the purpose of feeding the birds and does not water the plants in the gardening area for the purpose of providing water to the birds. The sole purpose of the plants, berries and seeds, as well as watering the plants, is for customer sales, and defendant has no involvement with birds that may enter the gardening center. (See, Doc. 38, Exs. 1, 2). Plaintiff has not submitted any evidence to refute those statements. Under the standard set forth in *Goennenwein*, mere knowledge of the birds is insufficient to make the defendant an owner of the

---

[2]Illinois courts have rejected the theory that allowing an animal to feed on the defendant's land makes the defendant a harborer. "To be a keeper of animals as that term is used in the statute requires more than the passive ownership of grazing lands. In this case the landowners owned no interest in the cattle, were not responsible for their care and had no right to their custody or control and accordingly, cannot be held to be a 'keeper' within the meaning of the Animal Act." *Heyen v. Willis*, 236 N.E.2d 580, 582 (Ill. App. Ct. 1968). Even if the defendant in the instant case was incidentally providing food and water for these birds during the course of growing its outdoor plants for sale, it was not harboring the birds.

birds.

Moreover, Illinois courts have found that allowing an animal to be present on its land does not make a defendant a harborer within the meaning of the statute. In *Steinberg v. Petta*, 501 N.E.2d 1263 (1986), the court held that a landlord who knew that one of his tenant's dogs was on his property was not an owner or harborer of the dog because the landlord was not exercising care, custody, or control of the dog within the meaning of the statute. See, *id.* at 1266. In the instant case, the defendant has done nothing more than passively allow a wild bird to be on its land. This is insufficient to make the defendant a harborer within the meaning of the Act.

Based upon the law and the evidence in the record, the Court finds that there is no genuine issue as to any material fact and that the defendant is entitled to summary judgment on Count II.[3]

## CONCLUSION

Accordingly, defendant's motion for summary judgment is **GRANTED**. The Clerk of the Court is **DIRECTED** to enter judgment in favor of defendant and against plaintiff. Each party shall bear its own costs.

**IT IS SO ORDERED.**
**DATED:   January 3, 2006.**

                                                          s/ WILLIAM D. STIEHL
                                                                DISTRICT JUDGE

---

[3]The Court notes that plaintiff, in her response, makes statements such as: "Plaintiff believes that expert testimony may show that the bird will be considered a domestic animal under the statute...;" and "Plaintiff will prove that Defendant did have control over the bird...." Defendant has presented unrefuted evidence in support of its motion for summary judgment and plaintiff must set forth specific supported facts showing the existence of a genuine issue for trial.  Plaintiff's beliefs and unsupported allegations are insufficient to withstand a motion for summary judgment.
    Plaintiff states repeatedly that "little if any discovery has occurred in this case and Plaintiff has met the notice pleading requirements of this Court."  Meeting the notice pleading requirements will allow a party to survive a motion to dismiss, as plaintiff did in this case, but not, however, a motion for summary judgment.  Further, plaintiff provides no explanation as to why "little if any discovery" has been conducted in this case, filed in May, 2005.